[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15076
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00321-TWT-JSA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GILDARDO MONTUFAR CORIA,
a.k.a. Primo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Gildardo Coria pled guilty to one count of conspiracy to possess with intent to distribute cocaine and heroin, and two counts of possession with intent to distribute (one for cocaine and one for heroin).  After pleading guilty but before sentencing, Mr. Coria provided information to the government in a safety valve interview.  *See* U.S.S.G. § 5C1.2.  Based on statements made in that interview, as well as other evidence, the government argued that he sold heroin on four separate occasions, resulting in two-level drug quantity increase to his base offense level.  The district court agreed and sentenced Mr. Coria to 57 months' imprisonment.  On appeal, Mr. Coria contends that the district court erred in concluding that he sold heroin on four occasions.  He also contends that the use of his statements made in the safety valve interview to increase his base offense level is inconsistent with public policy and the advisory sentencing guidelines because it effectively nullified the safety valve reduction he received.  After careful review, we disagree with Mr. Coria on both points and affirm.

# I

"We review for clear error a district court's determination of the drug quantity attributable to a defendant."  *United States v. Azmat*, 805 F.3d 1018, 1046 (11th Cir. 2015).  This review is deferential and we will only reverse when we are "left with a definite and firm conviction that a mistake has been committed."  *Id*.  When, as here, a defendant challenges the factual basis of his sentence, the

government must establish the disputed fact by a preponderance, using "reliable and specific evidence." *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012); *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997).

Mr. Coria did not dispute that he made at least three heroin deliveries in March and April of 2015. He argued, however, that there was not sufficient evidence to support a fourth delivery, which the government claimed occurred in February of 2015. We disagree. The evidence presented at sentencing sufficiently supports the district court's finding that Mr. Coria made four deliveries of heroin.

Although there is no transcript of Mr. Coria's safety valve interview, it is not disputed that Mr. Coria acknowledged the possibility that he made four sales.[1] Mr. Coria's recollection that he may have made four deliveries is supported by other evidence in the PSI to which Mr. Coria did not object. *See United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009) ("For purposes of sentencing, the district court [ ] may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented."). First, it is consistent with the statement of a cooperating witness, who explained that Mr. Coria "came like four times" to make deliveries to a "stash house" on Peyton Road. *See* D.E. 58 at 6 (Mr. Coria's sentencing memorandum quoting

---

[1] In the Presentence Investigation Report, Mr. Coria is reported to have admitted to "four or five" deliveries. *See* PSI ¶ 41   At sentencing and on appeal, Mr. Coria suggests that he may have said "three, four or something like that." D.E. 72 at 3. It is undisputed, however, that Mr. Coria did suggest he may have made four sales. This, coupled with the corroborating evidence detailed below, is sufficient.

PSI).  Second, the government provided cell site data which placed Mr. Coria in the vicinity of the heroin "stash house" on February 23 and 27, 2015.  Third, on those dates, a surveillance camera captured Mr. Coria's car near the Peyton Road address along with the vehicle of a heroin dealer.  The surveillance camera further supported the cell site data, rebutting Mr. Coria's argument that it was insufficient to determine his proximity to the "stash house."  Taking together Mr. Coria's and the witness' statements, the cell site data, and the surveillance photos, the district court's finding that Mr. Coria made at least four deliveries is not clearly erroneous. *See Almedina*, 686 F.3d at 1317 ("While it is plausible that the first package was a dry run and contained no contraband, since the fact pattern gives rise to two reasonable and different constructions, the district court's choice between them cannot be clearly erroneous.").

## II

We reject Mr. Coria's assertion that the district court violated public policy and the advisory sentencing guidelines by using his statements during the safety valve interview as evidence resulting in the offense level increase.  To the contrary, the commentary to § 5C1.2 specifically provides that "[i]nformation disclosed by the defendant [during the safety valve interview] may be considered in determining the advisory guideline range," subject to an exception inapplicable here, and that it "does not provide an independent basis for restricting the use of information

4

disclosed by the defendant." § 5C1.2, cmt. 7. *See also United States v. Wright*, 607 F.3d 708, 712 (11th Cir. 2010) ("Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") (alterations adopted). Therefore, Mr. Coria's admission during the safety value interview was appropriately considered by the district court.

## III

For the foregoing reasons, we affirm Mr. Coria's sentence.

**AFFIRMED.**